MICHAEL BAILEY
United States Attorney
District of Arizona

LISA M. HEMANN
Assistant United States Attorney
Arizona State Bar No. 024703
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, AZ  85004-4449
Telephone:  (602) 514-7500
Fax:  (602) 514-7693
Lisa.Hemann@usdoj.gov

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| James Lee Williams, | CV20-02277-PHX-MTL |
| Plaintiff, | |
| v. | **MOTION TO DISMISS** |
| Scott de la Vega,[1] Secretary of the Interior, | |
| Defendant. | |

Defendant Scott de la Vega, Secretary of the Interior, through counsel, hereby moves to dismiss this matter pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because the United States, its agencies, and its officials have not waived sovereign immunity.  The Court also lacks jurisdiction because Plaintiff's action is time-barred by the statute of limitations, which is a jurisdictional requirement for suits against the United States and its officials.  Additionally, the Court lacks jurisdiction because Plaintiff cannot establish that he has standing to bring this suit.  This Motion further seeks

---

[1] On January 20, 2021, former Secretary of the Interior David Bernhardt was replaced by Scott de la Vega, who presently serves as Acting Secretary of the Interior. Mr. de la Vega is automatically substituted as the Defendant in this action pursuant to Fed. R. Civ. P. 25(d).

dismissal pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join an indispensable party—the owner of the land that is the subject of this case: the State of Arizona. Finally, dismissal is warranted under Fed. R. Civ. P. 12(b)(6) because Plaintiff fails to state a claim.

This Motion is supported by the following Memorandum of Points and Authorities and accompanied by the attached certification of counsel made pursuant to LRCiv. 12.1(c).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Background and Prior Litigation.

Plaintiff James Williams, a resident of Yuma, Arizona, files this Complaint against the Secretary of the Interior for the alleged violation of his equal protection rights pursuant to the Fifth and Fourteenth Amendments in connection with issues "that started in 1931" and concerning the Yuma Reclamation Project and Yuma Island. Doc. 1, pp. 2, 4, 6. The gravamen of Plaintiff's Complaint is that the African American community members who settled an area known as Yuma Island, which sits at the Arizona-California border, were deprived of their right to property and/or water apportionment as a result of racially discriminatory policies in the 1930s. *See id.* Plaintiff does not identify the specific discriminatory policies he challenges.

The instant Complaint is Plaintiff's fourth lawsuit concerning Yuma Island. His Complaint asserts that, having previously filed three other lawsuits, he has "exhausted all other options." *Id.*, p. 4. Plaintiff's first lawsuit ("*Williams I*") named only the United States as a defendant. *See* Plaintiff's Complaint, *Williams v. United States*, No. 17-679C, ECF No. 1 (Ct. Fed. Cl.).[2] Plaintiff sought monetary damages for himself and others for

---

[2] The Court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citing *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)).

Additionally, when considering a motion to dismiss pursuant to Rule 12(b)(1), the Court is not restricted to the face of the pleadings. Rather, it may review evidence, such as affidavits and testimony, that present facts regarding the existence of jurisdiction. *See, e.g., Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947) ("[W]hen a question of the District Court's jurisdiction is raised … the court may inquire by affidavits or otherwise, into the facts as they exist."); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir.

discriminatory treatment against their ancestors and the taking of their water rights.  *Id.*; *see also* Doc. 1, p. 7.  After briefly discussing the history of the Yuma Reclamation Project and Yuma Island, the Court of Federal Claims dismissed the case for lack of subject matter jurisdiction and because it was barred by the statute of limitations.  *See* Ex. 1, Order of Dismissal, *Williams v. United States*, No. 17-679C, ECF No. 13 (Ct. Fed. Cl.).  That dismissal was later affirmed by the Federal Circuit Court of Appeals.  *Williams v. United States*, 730 Fed. Appx. 930 (Fed. Cir. 2018), cert. denied, 139 S. Ct. 817 (2019).

Plaintiff's second lawsuit ("*Williams II*") named multiple defendants, including the U.S. Department of Interior, the State of Arizona, the State of California, and the Metropolitan Water District of Southern California.  *See* Plaintiff's Complaint, *Williams v. State of Arizona*, et al., No. CV-17-3390-PHX-DJH, ECF No. 1 (D. Ariz.).  In *Williams II*, Plaintiff sought relief for himself "for the fraudulent taking of water entitlements (public property)" in relation to Yuma Island and the 1931 Boulder Canyon Agreement.  Doc. 1, p. 7.  This Court dismissed the case because the States of Arizona and California were protected by sovereign immunity.  This Court then further dismissed the entire action because the State of Arizona, as the owner of the land in question, was an indispensable party in the dispute and the case could not proceed without it.  *Id.*; *see* Ex. 2, Order, *Williams v. State of Arizona, et al.*, No. CV-17-3390-DJH, ECF No. 72, 2018 WL 6605845 (D. Ariz. Dec. 17, 2018), *aff'd* No. 19-15330, 2019 WL 8064707 (9th Cir. Oct. 21, 2019).

Plaintiff's third lawsuit ("*Williams III*") sought relief against multiple individual defendants under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  *See* Plaintiff's Complaint, *Williams v. Fulp, et al.*, No. 18-cv-2000-ESW, ECF No.1 (D. Ariz.).  Plaintiff alleged that the named individuals violated his rights under the Takings Clause and the Due Process Clause in relation to "the fraudulent

---

1983) (considering material outside the pleadings did not convert a Rule 12(b)(1) motion into one for summary judgment).

taking of water rights authorized to support land on the Yuma Island in the 1931 Boulder Canyon Agreement." Doc. 1, p. 8.  This Court dismissed *Williams III* due to Plaintiff's failure to respond to the defendants' motions to dismiss and to file an amended complaint.  In the dismissal order, this Court also made a point of noting that the case arose "from substantially the same events and … substantially the same property" as *Williams II*. *See* Ex. 3, Order, *Williams v. Fulp, et al.*, No. 18-cv-2000-ESW, ECF No. 34 (D. Ariz.).

In the present lawsuit, Plaintiff once again seeks a remedy in relation to the same land and water rights at issue in his previous lawsuits.  His Complaint names a single defendant:  the Secretary of Interior.  Plaintiff's Complaint identifies no actions or inactions by the Secretary.  Instead, he asserts that the U.S. Congress violated the Separation of Powers doctrine "by delegating their law making authority to the Bureau of Reclamation in the administration of the Yuma Reclamation Project" and "by aiding the Bureau of Reclamation to conceal racial discrimination and biases."  Doc. 1, p. 8.  He further alleges that the Supreme Court violated the Separation of Powers doctrine "by deferring to the Bureau of reclamation for the Yuma Project," which "deprived the black community of reclamation water support."  *Id.*  Finally, Plaintiff's Complaint contains a section entitled "Fraud," which alleges that the U.S. Congress, through the Bureau of Reclamation, "has condoned and concealed the illegal taking of the water by the Metro Water District."  *Id.*, p. 9.

While the legal theories and named defendants in this lawsuit may have changed, the underlying circumstances and allegations are largely the same.  Plaintiff's Complaint includes no allegations against the Secretary.  Rather, Plaintiff seeks equitable relief in the form of withdrawing 9,110 acres on Yuma Island from the State of Arizona and replacing it "in U.S. public land in Arizona, resurvey the 9,110 acres to establish (160) acre farms from the original land plats when the land was reserved for the Yuma reclamation project in 1912 and deed (160) acres to [Plaintiff] as owner with water rights from California annual allotment assigned a priority-2."  *Id.*, p. 12.

## II. ARGUMENT

### A. Plaintiff Fails to Establish Subject Matter Jurisdiction

#### 1. *Rule 12(b)(1) Standard*

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). On a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing that such jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In suits against the United States, a plaintiff also "bears the burden of pointing to … an unequivocal waiver of immunity." *Prescott v. United States*, 973 F.2d 696, 701 (9th Cir. 1992) (internal quotations and citations omitted). The applicability of sovereign immunity is a jurisdictional question. *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011.) Thus, to establish subject matter jurisdiction in an action against the United States, there must be: (1) "statutory authority vesting a district court with subject matter jurisdiction"; and (2) "a waiver of sovereign immunity." *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007).

Even where statutory authority would otherwise vest the district court with subject matter jurisdiction, failure to establish that the United States has expressly consented to be sued is fatal to the exercise of jurisdiction. *Dunn & Black P.S. v. United States*, 492 F.3d 1084, 1087-88 (9th Cir. 2007). "Such waiver [of sovereign immunity] cannot be implied, but must be unequivocally expressed" and it must be strictly construed in favor of the sovereign. *Id.* at 1088. Therefore, where a plaintiff suing the United States fails to meet its burden of demonstrating both elements, there is no subject matter jurisdiction and "dismissal of the action is required." *Id.*

#### 2. *The Secretary Has Not Waived Sovereign Immunity.*

Plaintiff's lawsuit must be dismissed because it fails to satisfy both elements necessary to establish subject matter jurisdiction. Plaintiff asserts that the 1902 Reclamation Act, the 1928 Boulder Canyon Act, the 1931 Boulder Canyon Agreement, and the U.S. Constitution provide him a basis for asserting federal question jurisdiction

under 28 U.S.C. § 1331. He subsequently alleges that discriminatory policies violated Fifth and Fourteenth Amendments, and that the U.S. Congress and the U.S. Supreme Court violated the Separation of Powers doctrine. Even if any of these sources of authority would otherwise trigger federal question jurisdiction, Plaintiff fails to establish the second element for subject matter jurisdiction over the Secretary: an unequivocal, express waiver of sovereign immunity. *Alvarado*, 509 F.3d at 1016; *Dunn & Black P.S.*, 492 F.3d at 1088.

Furthermore, "[t]he doctrine of sovereign immunity extends to federal agencies and to federal employees acting within their official capacities." *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997); *see also Sierra Club v. Whitman*, 268 F.3d 898, 901 (9th Cir. 2001) (stating that suits against any agency or any officials in their official capacity are barred unless there is a waiver of sovereign immunity). In other words, a plaintiff cannot avoid the second requirement of subject matter jurisdiction by pleading the case as an official-capacity lawsuit. *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982) ("The bar of sovereign immunity cannot be avoided merely by naming officers and employees of the United States as defendants."). Here, while Plaintiff's Complaint does not expressly state whether he names the Secretary in his official or personal capacity, it fails to identify any specific actions or inactions by the Secretary to suggest that he is suing him in his personal capacity. Since the Complaint seeks to compel the Secretary to take certain actions in his capacity as an official of the federal government, the Complaint should be construed as an official capacity lawsuit against the Secretary. Therefore, since Plaintiff cannot demonstrate that the Secretary, sued in his official capacity, has waived sovereign immunity, the doctrine applies and this case must be dismissed.

          3.     <u>Plaintiff's Claims Are Barred by the Statute of Limitations.</u>

Even if Plaintiff could establish that the Secretary had waived sovereign immunity, which is expressly denied, his claims would be time-barred.[3] Where the government has

---

[3] In *Williams I*, the Court of Federal Claims found the claim was time-barred if not brought within six years of the claim first accruing, and that that "a taking claim accrues when the taking action occurs." Order of Dismissal at *5. It also noted that compliance

- 6 -

waived its sovereign immunity, compliance with the statute of limitations set forth in 28 U.S.C. § 2401(a) is a jurisdictional requirement. *United States v. Mottaz*, 476 U.S. 834, 841 (1986) (stating that "[w]hen the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction."). Under 28 U.S.C. § 2401(a), "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."

Here, Plaintiff alleges that an African American community settled into the land of Yuma Island in the mid-1920s, Doc. 1, p. 7; that Congress enacted the Boulder Canyon Project Act in 1928, *id.*; that an individual named Rufus Dees homesteaded land within the Yuma Project in 1929, *id.*, p. 9; that the Boulder Canyon Agreement was entered in 1931, *id.*, p. 10; that John Dees settled on the west side of the river on Yuma Island in California in 1950, *id.*, p. 10; that Congress authorized the re-drawing of the Arizona-California border in 1963, *id.*, p. 9; that the Supreme Court entered a decree in 1964, *id.*, p. 7; that the Homestead Act of 1862 was repealed in 1976, *id.*, p. 10; that the Bureau of Land Management resurveyed the Quechan Indian reservation in 1978, *id.*, p. 9; that the Bureau of Land Management transferred land from Yuma Island to the State of Arizona and assigned it to the North Gila Valley Division in 1983 and 1985, *id.*, p. 1, 12; and that water entitlements to Yuma Island were illegally transferred to the Quechan Indian tribe "in the 2005 Special Master's Recommendations to the Supreme Court," *id.*, p. 8. All of Plaintiff's allegations relate to conduct years—and in most cases, decades—outside of the six-year statute of limitations. Since Plaintiff does not assert that his claims first arose at any time within the six years prior to this lawsuit, they are time-barred and this Court lacks subject matter jurisdiction over them.

    4.  <u>Plaintiff Lacks Standing.</u>

The Supreme Court developed the doctrine of Article III standing as "an essential and unchanging part of the case-or-controversy requirement." *Lujan v. Defenders of*

---

with the statute of limitations was "a jurisdictional requirement that cannot be waived." *Id.*

*Wildlife*, 504 U.S. 555, 560 (1992).  The existence of standing is jurisdictional.  *See Wolfson v. Bammer*, 616 F.3d 1045, 1053 (9th Cir. 2010) (noting that mootness, standing, and ripeness are jurisdictional defenses); *see also White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  Since the elements of standing "are not mere pleading requirements but rather an indispensable part of the plaintiff's case," the plaintiff bears the burden of proof of these elements and "each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Id.* at 561.  Each requirement must be demonstrated at all stages of the litigation.  *Id.; Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) ("To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed'") (citation omitted).

As the Supreme Court explained in *Vermont Agency of Natural Resources v. United States*, in order to have Article III standing to bring a claim in a federal court, a party must demonstrate three things: (1) "injury in fact," meaning "a harm that is both 'concrete' and 'actual or imminent, not conjectural or hypothetical[,]'" (2) "causation—a 'fairly…trace[able]' connection between the alleged injury in fact and the alleged conduct[,]" and (3) "redressability."  529 U.S. 765, 771 (2000).  "These requirements together constitute the 'irreducible constitutional minimum' of standing." *Id.* (citation omitted).  With respect to the first requirement, "injury in fact," a plaintiff must demonstrate the "invasion of a legally-protected interest," which the plaintiff either "has sustained or is immediately in danger of sustaining."  *Lujan*, 504 U.S. at 574, 560.  It is insufficient for a plaintiff to rely on past harm to establish this element.  *San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996).

Here, Plaintiff fails to establish that he has standing to bring his claim.  First, although Plaintiff's Complaint sets forth generalized allegations of racial discrimination, Plaintiff does not allege any facts demonstrating his connection to the racial discrimination.  Nor does Plaintiff allege that he has suffered an "injury in fact."  Of particular significance,

he does not have legally enforceable right to the land and water rights he seeks to have transferred to him and thus, he cannot point to any actual, imminent, or non-hypothetical injury. Second, while Plaintiff asserts a plethora of allegations (against non-parties to this action, i.e., the States of Arizona and California, the Metropolitan Water District of Southern California, the Bureau of Reclamation, the U.S. Congress, and the U.S. Supreme Court), his Complaint fails to articulate the specific discriminatory policies in question. As such, Plaintiff also fails to draw a connection between those policies and any alleged injuries. Finally, Plaintiff fails to show how this lawsuit, which seeks to compel the Secretary to take land from the State of Arizona and transfer it to public land, would provide redress for the claimed injury. As such, Plaintiff fails to meet his burden of establishing standing to bring this lawsuit.

**B.     Plaintiff's Complaint Fails to Join an Indispensable Party.**

*1.     Rule 12(b)(7) Standard.*

Rule 12(b)(7) provides that a party may move to dismiss an action for failure to join a party under Rule 19. *See Dredge Corp. v. Penny*, 338 F.2d 456, 463-64 (9th Cir. 1964) (discussing dismissal of an action for failure to join a party). A court may dismiss an action if it determines that (1) joinder of the party is not possible, and (2) the party is, in fact, "indispensable." *Shermoen v. United States*, 982 F.2d 1312, 1317 (9 Cir. 1992). Under Rule 19, a party is required if that person's absence would prevent the court from providing complete relief, and that person has "an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest." Fed. R. Civ. P. 19(a)(1).

*2.     The State of Arizona is an Indispensable Party that Cannot Be Joined.*

In this case, Plaintiff seeks to compel the Secretary to take 9,110 acres of land from the State of Arizona, place it "in U.S. public land in Arizona," and then re-parcel that land into multiple 160-acre farms (while also deeding one such 160-acre parcel to Plaintiff). Doc. 1, pp. 4, 12. Since the State of Arizona is the owner of that land, it has a clear interest related to the subject of this case, i.e. its ownership of the land. Were this case allowed to

proceed, it would necessarily affect the State of Arizona's ability to protect its interest in the land it owns. The State of Arizona, therefore, is an indispensable party to Plaintiff's claim. Yet, joinder of the State of Arizona is not possible. It cannot be added to this action because it has sovereign immunity under the Eleventh Amendment. Therefore, much like the outcome of *Williams II*[4], this case cannot continue without the State of Arizona and Plaintiff's Complaint should be dismissed for failure to include an indispensable party.

### C.  Plaintiff's Complaint Fails to State a Claim.

#### 1.  *Rule 12(b)(6) Standard.*

Under Rule 12(b)(6), the Court may also dismiss a claim or entire action if the plaintiff fails to allege facts sufficient to "state a claim that is plausible on its face." *Bell Atlantic Corporation v. William Twombly*, 550 U.S. 544, 570 (2006); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must presume all factual allegations of the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Id.* at 555. Although *pro se* pleadings should be liberally construed, *Haines v. Kerner*, 404 U.S. 519 (1972), conclusory or vague allegations are insufficient and will not support a cause of action. *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal* at 678.

#### 2.  *Plaintiff Fails Plead Facts Sufficient to State a Claim.*

##### a)  *Conclusory Allegations Are Insufficient to Support a Cause of Action.*

Plaintiff's Complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 570). Rather than set forth factual allegations relevant to the

---

[4] In *Williams II*, this Court ruled that the State of Arizona "cannot be joined," but also that Arizona was "a necessary party with a protectable interest in Yuma Island, [so that] there is no question that it would be prejudiced by a judgment rendered in its absence." *Williams II*, 2018 WL 6605845 at *4. Since Arizona was indispensable and could not be joined, this Court concluded that the "litigation cannot continue without Arizona." *Id.* at *6.

alleged constitutional violations, Plaintiff simply asserts that "[d]iscriminatory policies violated the U.S. Constitution's 5th and 14th Amendments of Equal Protection of the Law and the Rights to acquire property." Doc. 1, p. 4.  However, Plaintiff never identifies the policies that were alleged to be discriminatory, how the policies violated the Fifth or Fourteenth Amendments, or how those policies impact him.  He does not explain his relationship to the African American community who settled on Yuma Island.  And although he asserts that he is a leaseholder of some land in Arizona, Doc. 1, p. 12, it is not clear whether the land Plaintiff ostensibly leases is land that is on Yuma Island, which is the subject of the case.  These allegations are nothing more than "naked assertion[s]" devoid of "further factual enhancement." *Bell Atlantic Corp.*, 550 U.S. at 557.

Plaintiff goes on to assert that that the U.S. Congress and the U.S. Supreme Court, neither of which are parties to this action, violated the Separation of Powers doctrine.  He states that U.S. Congress violated this doctrine "by delegating their law making authority to the Bureau of Reclamation in the administration of the Yuma Reclamation Project" and "by aiding the Bureau of Reclamation to conceal racial discrimination and biases." Doc. 1, p. 8.  He does not indicate how the alleged delegation of authority violates the Separation of Powers doctrine, or how the U.S. Congress helped to conceal the racial discrimination and bias.  Plaintiff alleges the U.S. Supreme Court violated the Separation of Powers doctrine "by deferring to the Bureau of reclamation for the Yuma Project," which "deprived the black community of reclamation water support." *Id.*  He offers no further explanation.

These "unadorned, the defendant-unlawfully-harmed-me accusation[s]" do not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 555).  A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 550 U.S. at 555 (citing 5C Wright & A. Miller, Fed. Prac. & P. § 1216, pp. 235–236 (3d ed. 2004).  Plaintiff's Complaint does not meet this test and, therefore, should be dismissed.

/ / /

      b)  *Plaintiff Fails to Plead Fraud with Particularity Under Rule 9(b).*

A party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To meet Rule 9(b)'s particularity requirement, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citing *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). The Complaint does not plead any of these required elements of fraud.

Plaintiff's claim against the Secretary alleging fraud should be dismissed because the Complaint fails to meet the heightened pleading standard of Rule 9(b).  As pled, Plaintiff's Complaint does not establish what fraud the Secretary allegedly participated in, when the alleged fraud occurred, with whom he committed the alleged fraud, or how his actions were fraudulent. Therefore, even if Plaintiff were to show a waiver of sovereign immunity, compliance with the statute of limitations, standing to assert such claims, and that the State of Arizona is not an indispensable party, Plaintiff's claim for fraud should still be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6).  "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation marks and alterations omitted).  Plaintiff's allegations do not do so.  Therefore, the Court should dismiss Plaintiff's allegations relating to fraud for failure to satisfy Rule 9(b).

      c)  *Plaintiff's sources of authority do not create a private cause of action.*

Plaintiff asserts that the 1902 Reclamation Act, the 1928 Boulder Canyon Act, and the 1931 Boulder Canyon Agreement all provide him with a substantive basis for his lawsuit.  However, none of these sources of law create a private right of action.  As such, they do not provide a basis upon which Plaintiff can pursue relief and any claim pled under

these authorities fail to state a claim that is that is "plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 570).

> d) *Plaintiff cannot plead a personal-liability suit against the Secretary.*

As an initial matter, supervisory defendants cannot be liable for the torts of others they supervise, i.e. *respondeat superior*, as they are liable only for their own wrongful conduct. *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989); *McGrath v. Scott*, 250 F.Supp. 2d 1218, 1222 (D. Ariz. 2003). Although there are no allegations to suggest that Plaintiff seeks to impose liability on the Secretary as a supervisor, such claims are not viable. More glaringly, however, Plaintiff fails to plead any allegations whatsoever about any actions or inactions of the Secretary. Plaintiff's Complaint does not meet the basic pleading requirements of Rule 8 as articulated in *Twombly* and *Iqbal*. Therefore, this Court should dismiss the Complaint to the extent it purports to seek personal liability against the Secretary.

### III. CONCLUSION

Plaintiff cannot establish the jurisdictional requirements to proceed in this matter. He cannot establish that the Secretary has waived sovereign immunity. His lawsuit is time-barred because it was not filed within the six-year statute of limitations applicable to claims against the United States. He fails to establish that he has Article III standing to pursue his claims. Consequently, this case should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

Additionally, Plaintiff's Complaint fails because the State Arizona is an indispensable party that cannot be joined in this action. Since this action cannot proceed without the State of Arizona, it should be dismissed under Rule 12(b)(7).

Finally, even if Plaintiff could overcome the jurisdictional hurdles and establish that Arizona was not an indispensable party, Plaintiff's Complaint alleges nothing but conclusory allegations. Such allegations do not suffice to state a claim under Rule 12(b)(6).

For all the foregoing reasons, Defendant requests that the Court dismiss this action

in its entirety with prejudice.

Respectfully submitted this 1st day of February, 2021.

        MICHAEL BAILEY
        United States Attorney
        District of Arizona

        *s/Lisa M. Hemann*
        LISA M. HEMANN
        Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

James Lee Williams
137 North 9th Ave.
Yuma, AZ 85364
E-mail: Lrob@roadrunner.com
Ph: (928) 246-1059

*s/ Lisa Hemann*
U.S. Attorney's Office