WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Lee Williams,<br><br>    Plaintiff,<br><br>v.<br><br>David Bernhardt, et al.,<br><br>    Defendants. | No. CV-20-02277-PHX-MTL<br><br>**ORDER** |

Before the Court is Defendant Secretary of the Interior Scott de la Vega's Motion to Dismiss (the "Motion") (Doc. 6). The Motion is fully briefed. (Docs. 8, 11.) For the reasons stated below, the Court grants the Motion.[1]

**I.    BACKGROUND**

Plaintiff James Williams is a resident of Yuma, Arizona. (Doc. 1 at 1.) This case revolves around an area known as "Yuma Island." (*Id.* at 6.) Yuma Island is a parcel of land located in Imperial County, California, but is owned by the State of Arizona. (*Id.* at 6–8.) The Arizona State Land Department currently leases this land to several lessees, including Williams. (*Id.* at 12.) Williams alleges that several African American individuals who first settled on Yuma Island were deprived of property and water rights because of racially discriminatory policies. (*Id.* at 6–8, 9–12.)

This is Williams's fifth lawsuit concerning Yuma Island property and water rights.

---

[1] Both parties have submitted legal memoranda and oral argument would not have aided the Court's decisional process. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* LRCiv 7.2(f); Fed. R. Civ. P. 78(b).

He first sued the United States in the United States Court of Federal Claims, asking for monetary damages for past discriminatory treatment and the taking of his water rights.[2] *See Williams v. United States*, No. 17-679C (Ct. Fed. Cl.) ("*Williams I*"). The Court of Federal Claims ultimately dismissed the case for lack of subject matter jurisdiction because his claim was barred by the statute of limitations. *Id.* That dismissal was affirmed by the United States Court of Appeals for the Federal Circuit. *See Williams v. United States*, 730 Fed. App'x 930 (Fed. Cir. 2018).

Williams then sued the United States Department of Interior, the State of Arizona, the State of California, and the Metropolitan Water District of Southern California. *See Williams v. State of Arizona*, No. CV-17-3390-DJH, 2018 WL 6605845 (D. Ariz. Dec. 17, 2018) ("*Williams II*"). In that case, Williams argued that there was a fraudulent taking of water entitlements in relation to Yuma Island. *See id.* The court found that both Arizona and California were protected by sovereign immunity. *Id.* at *2. *Williams II* determined that although "Arizona is a necessary and indispensable party," the case must be dismissed because Arizona is entitled to sovereign immunity and it cannot be joined as a party. *Id.* at *4, 6. The United States Court of Appeals for the Ninth Circuit affirmed the court's holding. *See Williams v. Arizona*, No. 19-15330, 2019 WL 8064707 (9th Cir. Oct. 21, 2019).

His third lawsuit alleged several constitutional violations against multiple individual defendants. *See Williams v. Fulp*, No. 18-cv-2000-ESW (D. Ariz.) ("*Williams III*"). Williams continued to assert these constitutional violations in connection with an alleged fraudulent taking of water rights that were authorized to support land on the Yuma Island. *Id. Williams III* was dismissed because Williams failed to respond to the motion to dismiss or file an amended pleading. *Id.*

Williams brought his fourth lawsuit against the Metropolitan Water District of Southern California. *See Williams v. Metropolitan Water Dist.*, No. CV-21-00030-PHX-

---

[2] The Court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *See Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir. 2001).

- 2 -

DWL, 2021 WL 1817052 (D. Ariz. May 6, 2021) ("*Williams IV*"). He, once again, argued for relief relating to water rights and Yuma Island. *Id.* at *1. The court dismissed the case because Williams failed to meet his burden on establishing personal jurisdiction. *Id.* at *2. Also, dismissal was warranted on a separate basis because Williams failed to respond to the defendant's argument "that dismissal is warranted due to the absence of an indispensable party." *Id. Williams IV* concluded that, although leave to amend is ordinarily granted, "Williams has engaged in serial litigation" and found it "absolutely clear that the deficiencies of the complaint [cannot] be cured by amendment." *Id.* at *3 (citation omitted).

Williams then filed this lawsuit. (Doc. 1.) He asks that this Court order Defendant to withdraw 9,110 acres on Yuma Island from Arizona, replace it with "U.S. public land in Arizona," resurvey that land to "establish (160) acre farms from the original land plats when the land was reserved for the Yuma reclamation Project in 1912," and deed him one of those 160-acre farms. (*Id.* at 12.) Defendant soon thereafter filed the instant Motion. (Doc. 6.)

## II. DISCUSSION

### A. Subject-Matter Jurisdiction

#### 1. Legal Standard

A party may move under Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss claims in which the court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) challenge may be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). When a defendant argues that the claims in the complaint, even if true, are insufficient to establish subject-matter jurisdiction, the challenge is a facial one. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial challenge to subject-matter jurisdiction under Rule 12(b)(1), courts must accept all material allegations in the complaint as true and construe the complaint in favor of the plaintiff. *White*, 227 F.3d at 1242; *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011). By contrast, in a factual attack to subject-matter jurisdiction, the

challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Safe Air for Everyone*, 373 F.3d at 1039. Courts may look beyond the complaint only when a defendant brings a factual attack against jurisdiction. *White*, 227 F.3d at 1242. Further, when evaluating a Rule 12(b)(1) motion, the plaintiff bears "the burden of proof that jurisdiction does in fact exist." *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (citation omitted).

**2. Analysis**

Defendant raises three arguments to contend that this Court lacks subject-matter jurisdiction: (1) Defendant has not waived sovereign immunity, (2) Williams's claims are barred by the statute of limitations, and (3) he lacks standing to bring his claims. (Doc. 6 at 5–9.) The Court will address each argument.

Generally speaking, the United States enjoys sovereign immunity; it cannot be sued without its consent and such consent is a prerequisite for jurisdiction. *Conrad v. United States*, 447 F.3d 760, 764 (9th Cir. 2006). Plaintiffs have the "burden of pointing to . . . an unequivocal waiver of [sovereign] immunity." *Prescott v. United States*, 973 F.2d 696, 701 (9th Cir. 1992) (citation omitted). Responding to this argument, Williams quotes part of the Administrative Procedure Act as the source of waiver for Defendant's sovereign immunity. (*See* Doc. 8 at 5–6.) Namely, he cites 5 U.S.C. § 702, which provides "a broad waiver of sovereign immunity." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1168 (9th Cir. 2017). Courts have found this waiver applies in contexts where the plaintiff seeks "relief other than money damages" for claims "that an agency or an officer or employee thereof acted or failed to act in an official capacity." 5 U.S.C. § 702; *see also Navajo Nation*, 876 F.3d at 1172–73. Williams asks the Court to provide non-monetary relief for claims that, he alleges, squarely implicate Defendant's acts, or failure to act, in his official capacity. (Doc. 1 at 12.) Williams has therefore met his burden to prove that § 702 waives Defendant's sovereign immunity.

Defendant next argues that, even if sovereign immunity is waived, Williams did not comply with the statute of limitations. (Doc. 6 at 6–7.) Under 28 U.S.C. § 2401(a),

- 4 -

"every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." According to Defendant, all of Williams's "allegations relate to conduct years—and in most cases, decades—outside of the six-year statute of limitations." (Doc. 6 at 7.) The Court agrees with Defendant on that point. Williams, however, responds that this Court should apply equitable tolling based on certain individuals' past wrongdoings. (Doc. 8 at 2–5.)

The statute of limitations "may be tolled if the defendant fraudulently concealed the existence of a cause of action in such a way that the plaintiff, acting as a reasonable person, did not know of its existence." *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1060 (9th Cir. 2012) (citation omitted); *see also Booth v. United States*, 914 F.3d 1199, 1207 (9th Cir. 2019). Importantly, "[the plaintiff] carries the burden of pleading and proving fraudulent concealment; [the plaintiff] must plead facts showing that [the defendant] fraudulently misled [plaintiff], and that [plaintiff] had neither actual nor constructive knowledge of the facts giving rise to its claim despite diligence in trying to uncover those facts." *Conmar Corp. v. Mitsui & Co. (U.S.A.)*, 858 F.2d 499, 502 (9th Cir. 1988) (citation omitted). To support his argument that equitable tolling should apply, Williams alleges several government employees were involved in concealing either past wrongdoings or the fraudulent transfer of water apportionment rights. (*See* Doc. 8 at 2–5, 8–23.) The Court agrees with Defendant that Williams's allegations do not carry his burden, nor do they support a claim for fraudulent concealment. He does not explain how the alleged actions or inactions of certain government employees were fraudulent, how the employees misled Williams, or how Williams became aware of the fact that a fraud was occurring. Like the court in *Williams I*, this Court finds that Williams's claims are time barred.

Defendant's final argument relates to Williams's lack of standing to pursue his claims. (Doc. 6 at 7–8.) Defendant contends that he has failed to allege an injury in fact or that he has a "legally enforceable right to the land and water rights he seeks to have transferred to him." (*Id.* at 8–9.) Williams never responds to this argument. *See Currie v.*

1 *Maricopa Cnty. Cmty. Coll. Dist.*, 2008 WL 2512841, at *2 n.1 (D. Ariz. 2008) ("Plaintiff does not respond to this argument, and her failure to do so serves as an independent basis upon which to grant [the] motion . . . .") (citing LRCiv 7.2(i)). Although the Court need not address this argument because his claims are time barred, this serves as an independent basis to grant the Motion. The Court therefore grants Defendant's Rule 12(b)(1) motion (Part of Doc. 6).

### B. Failure to Join an Indispensable Party

#### 1. Legal Standard

Rule 12(b)(7) allows a party to file a motion to dismiss for the failure to join a necessary party under Rule 19. *See* Fed. R. Civ. P. 12(b)(7). Rule 19(a) provides that a party is "necessary" in two circumstances: (1) when complete relief is not possible without the absent party's presence, or (2) when the absent party claims a legally protected interest in the action. *See Yellowstone Cnty. v. Pease*, 96 F.3d 1169, 1172 (9th Cir. 1996). If the absent party is "necessary," the Court must then determine whether joinder is "feasible." Fed. R. Civ. P. 19(a)–(b). If joinder is not "feasible," the Court must then decide whether the absent party is "indispensable," that is, whether in "equity and good conscience" the action can continue without the party. *See* Fed. R. Civ. P. 19(b) (listing factors for courts to consider).

#### 2. Analysis

Defendant also moves to dismiss this action based on Williams's failure to join an indispensable party. (Doc. 6 at 9–10.) Defendants argue that the State of Arizona is the owner of the land at issue and "has a clear interest related to the subject of this case." (*Id.* at 9.) Although Arizona is a necessary party, Defendant notes, "[i]t cannot be added to this action because it has sovereign immunity under the Eleventh Amendment."[3] (*Id.* at 10.) Williams, once again, does not respond to this argument. *See Currie*, 2008 WL 2512841, at *2 n.1. Even if this Court considered the merits of this argument, it agrees with Defendant that this serves as an independent basis to dismiss this action.

---

[3] In a nearly identical action, the court in *Williams II* found that the State of Arizona has sovereign immunity. 2018 WL 6605845, at *2–3. This Court agrees with that conclusion.

Williams does not own the land at issue, he leases it from Arizona. As the court in *Williams II* noted, he is "effectively asking the Court to decide his rights with respect to land he leases from Arizona, without hearing from Arizona. Thus, Arizona, as the landowner and party to the lease, is a necessary party." 2018 WL 6605845, at *3. Given that Arizona is entitled to sovereign immunity, its joinder in this litigation is not feasible. *See id.* at *4; *see also Kescoli v. Babbitt*, 101 F.3d 1304, 1310 (9th Cir. 1996). The Court must therefore determine "whether in 'equity and good conscience' the case should be dismissed." *Makah Indian Tribe v. Verity*, 910 F.2d 555, 559 (9th Cir. 1990) (quoting Fed R. Civ. P. 19(b)). Courts generally consider several factors when making that determination. *See Detroit Int'l Bridge Co. v. Gov't of Canada*, 192 F. Supp. 3d 54, 68 (D.D.C. 2016). The Court agrees with *Williams II*'s analysis that these factors weigh in favor of dismissal. *See* 2018 WL 6605845, at *4–5. Williams's claims cannot proceed without Arizona, a party that cannot be joined because it has sovereign immunity. The Court therefore finds that Defendant's Rule 12(b)(7) motion (Part of Doc. 6) provides an independent basis to dismiss this case.

### C. Failure to State a Claim

Defendant argues that Williams has failed to state a plausible claim for relief on each of his claims. (Doc. 6 at 10–13.) Given that Williams has not alleged an adequate basis for subject-matter jurisdiction in their Complaint, the Court need not address the Rule 12(b)(6) portion of Defendant's Motion. *See Felix v. Pic–N–Run, Inc.*, No. CV 09-8015-PCT-JAT, 2010 WL 1856347, at *2 (D. Ariz. May 4, 2010). The Court therefore denies Defendant's Rule 12(b)(6) motion (Part of Doc. 6) as moot.

### D. Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The power to grant leave to amend . . . is entrusted to the discretion of the district court, which 'determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Serra v. Lappin*,

600 F.3d 1191, 1200 (9th Cir. 2010) (quotation omitted). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). District courts properly deny leave to amend if the proposed amendment would be futile or the amended complaint would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). With respect to cases involving pro se litigants, dismissal "without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (citation omitted).

Courts have found that "Williams has engaged in serial litigation" and his cases represent "one of those relatively rare instances in which it would not be appropriate to grant leave to amend." *Williams IV*, 2021 WL 1817052, at *3. This Court agrees. Williams has had several opportunities to present plausible claims but continues to reassert arguments that have been foreclosed by other courts. Any amendment would be futile because it is "absolutely clear" that the deficiencies outlined above cannot be cured. Especially considering that "the Ninth Circuit summarily affirmed [*Williams II* and *Williams III*'s] dismissals," which dealt with nearly identical claims that Williams brings here, leave to amend would not advance this litigation any further. *Williams IV*, 2021 WL 1817052, at *3. This Court therefore will not permit leave to amend.

## III. CONCLUSION

Accordingly,

**IT IS ORDERED granting** Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Part of Doc. 6) and Motion to Dismiss for Failure to Join an Indispensable Party (Part of Doc. 6) without leave to amend.

**IT IS FURTHER ORDERED denying as moot** Defendant's Motion to Dismiss for Failure to State a Claim (Part of Doc. 6).

**IT IS FINALLY ORDERED** directing the Clerk of the Court to enter judgment accordingly and close this case.

Dated this 21st day of June, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge